UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

|  |  |  |
|---|---|---|
| EUGENE McKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-50 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JOYCE STEELE, | ) | |
| | ) | **REPORT AND RECOMMENDATION ON** |
| Defendant. | ) | **MOTION FOR DEFAULT JUDGMENT** |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises from events occurring in late 2010 at the Oaks Correctional Facility. At that time, plaintiff had a prison job assignment in the Food Services Department. Defendant was a Food Service Supervisor at the prison.

Plaintiff alleges that he was the victim of two false and retaliatory disciplinary charges brought by defendant. The first incident occurred on October 27, 2010, when plaintiff criticized defendant for failing to wear a mouth guard while serving food. Defendant allegedly responded with profanity. In response, plaintiff filed a grievance and a complaint with the Deputy Warden concerning defendant's unprofessional behavior. In retaliation for the grievance, defendant wrote plaintiff a ticket charging him with sexual misconduct by making a sexual gesture. Plaintiff was sent to segregation. On the same day, however, the Shift Commander conducted a preliminary investigation by reviewing a videotape and determined that no sexual misconduct was apparent. Plaintiff was released from segregation and sent back to his work assignment.

On November 16, 2010, defendant approached plaintiff and again warned him not to file grievances against her. In response, plaintiff said he would file a grievance. Defendant then escorted plaintiff to the front desk and notified the duty officer that she was sending plaintiff back to his housing unit because of misconduct and wrote a misconduct ticket, this time for violating posted rules by "eating unauthorized food." The ticket was not immediately processed, but was returned to defendant to be rewritten. The misconduct ticket was apparently never processed, but plaintiff lost his work assignment nevertheless.

Plaintiff filed this action against defendant Steele on January 14, 2013. The complaint alleged that defendant's false and retaliatory misconduct reports caused him to lose his prison job and sought compensatory and punitive damages in an undisclosed amount. After initial screening, the court ordered service of process on defendant. On May 23, 2013, the U.S. Marshal Service mailed defendant a notice of suit, complying with Fed. R. Civ. P. 4(d) and Form 5, along with a copy of the complaint. Defendant signed and dated the notice on June 17, 2013, returning it to the Clerk of Court. (Notice and Waiver of Service, docket # 7). The waiver of service form noted that a default could be entered against defendant if an answer or motion under Rule 12 was not served within sixty days. Defendant did not respond in any way to the complaint, and a default was entered against her on November 20, 2013.

The matter is now before the court on plaintiff's motion for the entry of a default judgment. Plaintiff's motion is supported by his affidavit (docket # 15). The affidavit seeks the following: (a) compensatory damages in the amount of $850.00, representing $350.00 for lost wages and $500.00 in costs occurred in litigating the case; (b) punitive damages in the amount of $10,000.00; and (c) damages for mental and emotional distress in the amount of $15,000.00. After

review of the record in this case, I recommend that plaintiff be awarded compensatory damages in the amount of $350.00, and punitive damages in the amount of $1,050.00, plus the costs of suit.

## **Discussion**

After the entry of a default under Rule 55(a), a party may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2). The court is empowered to conduct all proceedings necessary to the entry of judgment, but a hearing is not required in every case. *See Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). The factual allegations of the complaint, except those relating to the amount of damages, must be accepted as true. *See Thomson v. Wooster*, 114 U.S. 104, 110-11 (1885); *Finkel*, 577 F.3d at 84. Application of this rule requires the court to accept plaintiff's allegations that defendant filed two retaliatory disciplinary charges against him, that the first charge was dismissed virtually immediately and that the second was never processed, that plaintiff spent less than one day in segregation as a result of the first misconduct charge and that he lost his prison job as a result of the second charge. It is well established in the Sixth Circuit that a prison official violates a prisoner's First Amendment rights when the official files a false misconduct charge motivated at least in part by the prisoner's exercise of his First Amendment right to file a grievance or engage in other protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (*en banc*); *accord Thomas v. Eby*, 481 F.3d 434, 440-42 (6th Cir. 2007). The allegations in plaintiff's complaint, accepted as true, establish an actionable case of retaliation.

Plaintiff seeks compensatory and punitive damages. Each request for damages is analyzed below.

Lost Wages.  As a result of the second misconduct report, plaintiff alleges that he lost his prison job at the Oaks facility.  He claims $350.00, to compensate him for the wages lost from the time of his loss of the job until he was transferred from the Oaks facility.  Although the second misconduct ticket was never processed, plaintiff would be entitled to recover his lost wages upon a showing of a causal connection between the misconduct report and his loss of the job.  Because all well-pleaded allegations in the complaint must be accepted as true, the court must accept the proposition that the misconduct report was false and that it caused plaintiff to lose his job.  Plaintiff is therefore entitled to recover $350.00 in lost wages.

Emotional Distress Damages.  Plaintiff's affidavit addresses in some detail his claim for emotional distress damages.  In addition to the stress that he experienced from being falsely accused, plaintiff asserts that the lodging of sexual misconduct charges in the prison context causes a prisoner to be viewed as a sexual deviant and results in shame, embarrassment and mental anguish. He also seeks mental anguish and emotional distress damages arising from the loss of his Food Service job, which caused him to become "miserable and angry."  (Aff. at ID# 65, docket # 15). Plaintiff's claim for mental or emotional injury, however, is barred by the Prison Litigation Reform Act of 1996.  That Act prohibits an award in favor of a prisoner for "mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  To support an award of mental or emotional distress damages, plaintiff must establish injury that is more than *de minimis*.  *See Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *accord Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 626-27 (6th Cir. 2011).  Plaintiff has not alleged any physical

injury, *de minimis* or otherwise.  The PLRA therefore bars an award of damages for emotional or mental distress, humiliation, or embarrassment.

Punitive Damages.  Plaintiff seeks an award of $10,000.00 in punitive damages.  Punitive damages may be awarded in a section 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1983).  The allegations in plaintiff's complaint, accepted as true, establish a legal foundation for an award of punitive damages, as defendant's lodging of false misconduct reports is alleged to have been intentional.

The purpose of an award of punitive damages is not to redress the loss suffered by plaintiff, but to deter and punish the defendant.  *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).  Although the trier of fact has discretion to impose punitive damages, the Due Process Clause prohibits excessive punitive damage awards.  *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996).  The Supreme Court has set forth three factors to be considered in determining whether a punitive damage award is excessive:  (1) the degree of reprehensibility of the conduct; (2) the disparity between the harm or potential harm suffered by the plaintiff and his punitive damage award; (3) the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases.  *Id.* at 575.  The third factor is not an issue in this case.  In evaluating the first factor (the degree of reprehensibility of defendant's conduct), courts should consider the nature of the harm caused, whether it involved physical health or safety, whether the action was isolated or repeated, and whether the harm was the result of intentional malice or mere accident.  *State Farm*, 538 U.S. at 419.  Obviously, conduct involving violence is more reprehensible than other wrongs.

*See Arnold v. Wilder*, 657 F.3d 353, 369 (6th Cir. 2011).  With respect to the second factor, no mathematical bright line exists, but "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm*, 538 U.S. at 425.  The Court has suggested that an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. *Id.*

Consideration of the factors made relevant by the Supreme Court leads to a conclusion that the $10,000.00 punitive damage award sought by plaintiff is excessive.  Plaintiff alleges that defendant brought two false misconduct charges against him.  The first charge did not last even for a day.  The Shift Commander viewed a videotape of the incident and found insufficient evidence to support the ticket.  The second allegedly false misconduct charge did not involve sexual misconduct, but was a minor ticket for eating unauthorized food.  (*See* Prisoner Program and Work Assignment Evaluation, ID# 27).  This is the ticket that led to plaintiff's discharge from employment.  The need to punish and deter is not significant in this case.  The attachments to plaintiff's complaint, even accepted as true, do not disclose particularly egregious behavior.  The ticket charging sexual misconduct did not allege that plaintiff was assaultive, but merely said that he made a sexual gesture underneath his clothing.  The Shift Commander could not discern the alleged gesture on videotape, and that was the end of the matter.  Defendant is no longer employed at the prison, so deterrence of future misconduct is not a major factor.  A punitive damage award of three times compensatory damages would seem both reasonable and within the guidelines established by the Supreme Court.  I therefore recommend a punitive damage award in the amount of $1,050.00.

Costs.  Plaintiff seeks an award of $500.00 to compensate him for the cost of this litigation.  An award of litigation cost is governed by 28 U.S.C. § 1920, which allows the court to tax certain fees and costs in favor of a prevailing party.  The court is not authorized to award a blanket sum.  Costs are limited to those enumerated in the statute.  I therefore recommend that the court decline a blanket award of costs at this stage of the litigation.  Rather, plaintiff must file a bill of costs, supported by affidavit, as required by section 1920.  A bill of costs must be submitted within twenty-eight days after the entry of judgment.  W.D. MICH. LCIVR 54.1.  At that time, the court will be empowered to enter a separate judgment for costs, awarding plaintiff his filing fee and any other compensable costs supported as required by section 1920.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's motion for default judgment (docket # 13) be granted.  I recommend that plaintiff be awarded $350.00 in compensatory damages and $1,050.00 in punitive damages, with costs to be taxed thereafter.

Dated:   April 14, 2014                              /s/  Joseph G. Scoville
                                                    United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).